UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERVARUS L. GARY, <br><br> Plaintiff, <br><br> v. <br><br> ELKHART COUNTY SHERIFF'S DEPARTMENT, JEFF SEGAL, and KHAN, <br><br> Defendants. | CAUSE NO. 3:24-CV-340-GSL-JEM |

OPINION AND ORDER

Tervarus L. Gary, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Gary alleges that sometime around August 6, 2021, he was returning to the Elkhart County Jail from court and was walking, handcuffed, down the hallway with a sergeant. Officer Khan, an off-duty street officer with no authorization to handle inmates in the jail, allegedly attacked him for no reason. The escorting sergeant pulled Officer Khan off Gary. The officer apologized, saying that he thought the sergeant

needed help. Gary alleges that his wrist and arm is still hurt from the incident, and he is mentally hurt and scared that another officer will attack him for no reason.

Under the Fourteenth Amendment, pretrial detainees are protected from the use of excessive force by officers. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). However, Gary filed this case too late for it to go forward. Indiana's two-year statute of limitations applies to this case. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Gary knew he was injured in August 2021, when he was allegedly attacked for no reason, but he did not submit this complaint for filing until April 16, 2024, more than two and a half years after the incident.

Although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes clear that the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674 (7th Cir. 2009). Such is the case here. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). It appears unlikely that Gary can overcome the statute of limitations barrier if given another opportunity to plead his claims. However, in the interest of justice, the court will allow him to amend his complaint if, after reviewing this court's order, he believes that he can state a timely claim for relief against these defendants. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir.

2

2013). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which the court will send him for his convenience and which is also available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Tervarus L. Gary;

(2) GRANTS Tervarus L. Gary until **October 3, 2024**, to file an amended complaint; and

(3) CAUTIONS Tervarus L. Gary if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice.

SO ORDERED on August 29, 2024

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT

3