UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERVARUS L. GARY,<br><br>    Plaintiff,<br><br>    v.<br><br>ELKHART COUNTY SHERIFFS DEPARTMENT, JEFF SEGAL, and KHAN,<br><br>    Defendants. | CAUSE NO. 3:24-CV-340-GSL-JEM |

OPINION AND ORDER

Tervarus L. Gary, a prisoner without a lawyer, filed a complaint about an alleged assault by a police officer that occurred around August 2021 at the Elkhart County Jail. ECF 1. In the initial screening conducted pursuant to 28 U.S.C. § 1915A, the court determined that his complaint, filed in April 2024, was untimely. ECF 19. The two-year statue of limitations applicable in Indiana to claims under 42 U.S.C. § 1983 ended in August 2023, so his complaint filed eight months later was too late. *Id.* He was given the opportunity to file an amended complaint if he believed he could assert a timely claim. His amended complaint, however, does not do that, even when giving it a liberal construction, as the court must. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). And so the case will be dismissed.

In the amended complaint, Gary states that his complaint could be timely because the incident might have happened on August 6, 2022, and not August 6, 2021. He states in his complaint that it happened "around 8-6-21. If my dates [unintelligible]

mixed up, I could be still in time frame of the 2 year statute of limitations. This could've been 8-6-22." ECF 22 at 2. This allegation does not save the complaint from being untimely.

Federal Rule of Civil Procedure 11(b) requires that a person signing and submitting a complaint "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .." Although the exact date an incident happened might be unknown when a complaint is filed, the year that it happened is a basic detail that a plaintiff should investigate, particularly given the significance of the date to this lawsuit. A reasonable inquiry would have allowed Gary to discover whether this happened in 2021 or 2022. Gary's new uncertainty about whether this incident happened in 2021 or 2022 does not save this case from being untimely.

For these reasons, the court DISMISSES this case under 28 U.S.C. § 1915A because it is legally frivolous to bring a claim that is clearly time barred.

SO ORDERED on May 5, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

2